REDMANN, Judge.
Plaintiff appeals from a judgment that denied him workers’ compensation benefits for total and permanent disability and limited his recovery to benefits for 35% disability of a hand. Because the record establishes, and the trial judge himself observed, that plaintiff can not work except in pain we deem substantial, we amend to grant total and permanent disability benefits.
Plaintiff’s left hand injury from an electric table saw left him with disability of the index finger of 50%, of the long finger 100%, and of the ring and little fingers 80% each, and an overall disability of the hand of 35%. The index, middle and ring fingers are partly amputated, and plaintiff suffers from pain in those fingers and up his arm upon forceful contact. This pain is explained by the medical evidence as attributable to neuromas, a frequent result of amputation. Plaintiff can pinch but cannot firmly grasp or hold heavy objects such as *1136 sheets of plywood or other large lumber. His testimony, consistent with the medical evidence, is that he cannot at all perform the heavy-work carpentry he always did; he can do trim work but only very slowly, because, for example, he cannot hold a handful of nails with his left hand, and he cannot hammer with his left hand if he uses his right for the nails. Most important, in our view, is plaintiff’s testimony, corroborated by the doctors to the extent above noted, that he can only work in substantial pain caused by contact of the neuromas with any hard surface. Plaintiff has an 11th grade education and no skill other than carpentry.
The trial judge conceded plaintiff’s pain:
I think the man’s hurting. The neuro-ma is no doubt giving him some pain. I mean, even the doctor can see, but that’s the basis for his 35 percent disability. That’s what he said.
The special schedule payments under La. R.S. 23:1221(4), such as awarded by the judgment, are for loss of a member or loss of its function and are not intended otherwise to compensate a worker. The supreme court has observed, Dusang v. Henry C. Beck Bldrs. Inc., 389 So.2d 367, 372 (La.1980), that if plaintiff’s
pain appreciably limits the types of work available to him and greatly diminishes his ability to compete in the labor market, he [can] be treated as an “odd lot” worker and be awarded total disability status, unless there is proof that jobs are realistically available to him.
And there is no point in remanding here to allow defendants to show employment opportunities as in Oster v. Wetzel Printing Inc., 390 So.2d 1318 (La.1980). Rather, as in Wilson v. Ebasco Svcs. Inc., 393 So.2d 1248 (La.1981), because this is a case in which plaintiff’s pain prevents his stable employment in the only kind of work for which he is presently fit, there must be an award for total and permanent disability that leaves open to defendant the right to seek modification under La.R.S. 32:1331 of that judgment should circumstances change. Because plaintiff intends to pursue a college-level training program leading towards the architect’s or contractor’s part of construction work, there is hope that plaintiff may soon become employable. But at this time he is not and unless he is able to educate himself for other work he will not be.
The judgment appealed from is amended to award plaintiff benefits for permanent and total disability, subject to future modification in accordance with R.S. 32:1331, and in all other respects it is affirmed.